{¶ 40} Respectfully, I dissent.
 {¶ 41} The facts in this case are simple. The complaint in this matter alleged that D.L., a 13-year-old boy, raped a three-year-old child. There were no witnesses to this rape, nor any extrinsic medical evidence of a rape. No statement admitted here was res gestae in nature.
 {¶ 42} R.C. 2317.01 states that, "[a]ll persons are competent witnesses except those of unsound mind and children under ten years ofage who appear incapable of receiving just impressions of the facts andtransactions respecting which they are examined, or of relating themtruly." (Emphasis added).
 {¶ 43} The trial court appropriately conducted a hearing to determine whether the three-year-old child would be a competent witness under the aforementioned statute, and concluded that she was not. The case then proceeded to trial without the in-court testimony of the child.
 {¶ 44} The sum and substance of the evidence presented was: 1) The testimony of the alleged victim's mother that she observed the alleged victim get on top of her 12-year-old sister and start "pumping" her; 2) The testimony of Altiere, the social worker from the Cuyahoga County Department of Family and Children Services, that after interviewing the alleged victim and learning about the alleged "black stick" incident, she concluded that "there was a possibility that something could have happened to the victim." (Emphasis added); 3) The testimony of McAliley, the pediatric nurse, that even though the physical exam of the alleged victim was negative for signs of sexual abuse, she concluded that "sexual abuse was probable." (Emphasis added); and 4) Altiere and McAilely's notes and recollections as to their interview with the alleged victim.
 {¶ 45} First, I would find, without even reaching the issue raised byCrawford v. Washington (2004), 541 U.S. 36, that even assuming the above-mentioned evidence was properly admitted, possibility plus probability does not equal beyond a reasonable doubt. I would hold that when the only evidence presented at trial is out-of-court statements from an adjudicated incompetent, a verdict derived solely therefrom is against the manifest weight of the evidence. Such a holding seems especially appropriate in a case such as the instant one, where the record demonstrates a contentious custody battle between the child's mother and the child's father and his family, a member of whom was the accused.
In regard to the Crawford issue, I would hold that neither Altiere nor McAliley could testify as to what the child told them, as it is clear to me that those statements are testimonial statements.
 {¶ 46} The alleged victim's mother, based upon her suspicions, took the child to the family pediatrician, who was both the treating physician and referring entity for treatment. The 696-KIDS phone call that resulted in the involvement of Altiere and McAliley was made by the mother, not the physician, and was clearly for testimonial purposes. There is no evidence whatsoever that any medical or psychological treatment was ever rendered this child by either Altiere or McAliley, nor did they refer the child to others for medical or psychological treatment. I note, in particular, the rather disingenuous argument that there is some indicia of reliability to a three-year-old child's statement to a medical provider because the child is "seeking treatment." This analysis belies the common experience of mankind that no three-year-old child ever sought treatment from a medical provider. This legal fiction is applicable, if at all, only to adults.
 {¶ 47} I likewise find the majority's tortured analysis that the expectation of the alleged victim as to how the out-ofcourt statements would be used in some fashion controls their admissibility. The majority states that, "[o]ur review of the record shows no circumstances to indicate that the victim, or a reasonable child of her age, would have believed her statements were for anything other than medical purposes." Of course a three-year-old does not anticipate whether his or her statements are being elicited for trial. Any three-year-old who understood that his or her out-of-court statements were testimonial in nature would probably be competent to testify at trial — if not enter law school.
 {¶ 48} I am as sensitive as anyone to issues raised involving child sexual abuse and share the frustration of the majority in cases like this. But the sum and substance of the majority's decision here is that the out-of-court statements of a three-year-old who had been adjudicated legally incompetent as a witness, absent any other evidence whatsoever,
is sufficient as a matter of law to convict someone of rape. I do not believe justice supports such a proposition of law.